UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES | * | |
| VS. | * | NO. 4:05CR269 |
| KELVIN MILLER | * | |

**DEFENDANT'S SECOND SUPPLEMENTAL PARTIALLY OPPOSED MOTION FOR RESENTENCING UNDER THE SECTION 404 OF THE FIRST STEP ACT AND
MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT (COMPASSIONATE RELEASE)**

Defendant Kelvin Miller files this Second Supplemental Motion to his original Motion for Resentencing under the First Step Act (Docket entry 1750) supplemented by his motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket entry 1754).  In this second supplemental motion, he expands upon the additional, alternative basis for a sentence reduction arguing that his efforts at rehabilitation and education constitute extraordinary and compelling circumstances warranting relief under  of 18 U.S.C. § 3582(c)(1)(A).

1. **DEFENDANT'S CONTINUED SUCCESSFUL EFFORTS AT REHABILITATION WITHIN THE BUREAU OF PRISONS SHOW HE IS NOT LONGER A THREAT TO THE COMMUNITY**

Mr. Miller's original motion for resentencing filed almost a year ago on October 28, 2019 outlined his extensive efforts at rehabilitation including receiving two certificates in construction trades from Coastal Bend College and completing

1

over 60 hours of college credit while maintaining a 3.80 GPA. The earlier pleadings also discussed the defendant's work within BOP, tracing his work for Unicor at Three Rivers into his current location at the Low Facility at FCC Beaumont.

Since the time of filing the original motion almost a year ago, the defendant has assumed the role of the Grade One butcher. That title means that the defendant not only prepares cuts of meat for staff and inmates, he also preps and cooks hundreds of meals to be served daily at two different facilities within the Federal Correctional Complex. He oversees other inmates who work in the kitchen and reports directly to a BOP food service manager as well as BOP custodial staff. He typically works at least a ten-hour day and it not unusual for him to work 12- hour days.

Mr. Miller is still on the waiting list to take the culinary arts course that is available to a limited number of inmates. Obviously, the pandemic has restricted any access to any vocational and educational courses so his entry has been delayed.

His efforts at education, acquiring different job skills in construction and as a butcher, and his efforts through yoga and reading clearly show that this is a changed man morally and emotionally. In the over 15 1/3 years – some 184 months – he has spent in custody, Mr. Miller has clearly shown that he is no longer represents a threat to the community. He still maintains the strong family and

community ties set forth in the original October 2019 motion. He still has a reentry plan built upon family and community support and work skills that make him immediately employable in construction or a grocery/butcher shop.

2. **EXTRAORDINARY AND COMPELLING REASONS CAN JUSTIFY A REDUCTION FOR A SENTENCE THAT IS UNUSUALLY LONG**

In his earlier submissions, Mr. Miller has pointed out how, if sentenced today, his guideline range would be lower than this Court first faced when sentencing the Defendant over fourteen years ago. There had been changes in the drug tables as well as changes in career offender provisions. If sentenced today, he would face a far lesser guideline range.

In United States v. Zullo, No. 19-3218-CR (2nd Cir. Sept. 25, 2020) at page 20, the Second Circuit recently noted Congress seemingly contemplated a court's belief that a sentence was unduly long could serve as a basis for a sentence reduction when it passed the original compassionate release statute in 1994. *See,* S. Rep. 98-225, at 55-56 (1984) (noting that reduction may be appropriate when "other extraordinary and compelling circumstances justify a reduction of an unusually long sentence.") *See, also*, United States v. Maumau, No. 2:08-CR-00758-TC, 2020 WL 806121 at *6-*7 (D. Utah Feb. 18, 2020) (further discussing this history and collecting cases where district courts have reduced sentences in part because they were overly long).

3

## CONCLUSION

The original sentence imposed by this Court in 2006 may well have been appropriate for then unrepentant defendant who stood before the Court at that time. But Mr. Miller has shown that as times have changed, he has changed. His statement contained in his letter to the Court in the October 2019 motion rings true even more so today:

> When I started my sentence, I was resentful, lacking a meaningful skill, and had no plans on what to do upon my ultimate release from prison. That has changed. I am no longer that immature gang member who stood before you in 2005. I have made changes in my life, learned skills in carpentry and cabinetmaking, and prepared and put into action a plan that will give me marketable skills immediately upon my release and ensure that I never return to jail. This letter is long, but it is a letter about how I grew both intellectually and spiritually into a far better person than I was when I stood before you almost 13 1/2 years ago. I am both ready and fit to repay my debt to society.

He is a far different man today than he was when first arrested. The 15 1/3 years in custody has made him a different person morally and emotionally. His efforts at education, rehabilitation, and acquiring skills constitute exceptional and extraordinary circumstances warranting this Court's discretion under § 3582(c)(1)(A).

Mr. Miller respectfully requests that the Court reduce his sentence.

Respectfully submitted,

*/s/ David Cunningham*

_____

David Cunningham
Attorney at Law
2814 Hamilton Street
Houston, TX 77004
Telephone No.: 713/225-0325
Facsimile No.: 713/395-1311
SBN: 05234400
Admissions No. 1352
Attorney for Defendant

## CERTIFICATE OF SERVICE

A copy of this pleading was served upon AUSA Ralph "Ted" Imperato when it was filed with the SDTX ECF filing system.

*/s/ David Cunningham*

_____

David Cunningham

5